UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM JEROME RANDALL,

    Plaintiff,

v.                                          Case No.  3:18cv496-LC-CJK

WARDEN BOOKER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983.  (Doc. 10).  The court has screened the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), and concludes that this case should be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim on which relief may be granted, because it is apparent from the face of plaintiff's pleadings that the affirmative defense of failure to exhaust administrative remedies bars recovery on his claims.

## BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections (FDC) currently confined at Holmes Correctional Institution.  Plaintiff was confined at

Okaloosa Correctional Institution (Okaloosa CI) at the time of the events giving rise to this lawsuit. Plaintiff's amended complaint names as defendants two prison officials at Okaloosa CI: Sergeant Virgil Betts and Sergeant Mark Rudolph. (Doc. 10, pp. 1-2). Plaintiff claims Sergeant Betts was deliberately indifferent to his safety when he failed to lock the cell doors during count on June 24, 2017, resulting in plaintiff being stabbed by another inmate. (*Id*., pp. 6-7 in ECF). Plaintiff claims Sergeant Rudolph was deliberately indifferent to his serious medical needs when, after plaintiff returned from the hospital following treatment, Rudolph placed plaintiff in a filthy confinement cell, interfered with plaintiff's attempts to get medical attention after his wounds became infected, and waited until plaintiff lost consciousness and his cellmate feared him dead before calling for medical assistance. (*Id*., pp. 7-10 in ECF). As relief, plaintiff seeks compensatory damages, punitive damages, and a declaration that his constitutional rights were violated. (*Id*., p. 11 in ECF).

## DISCUSSION

Because plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco*, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at 679)). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014,

1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

The allegations of plaintiff's amended complaint (doc. 10) and documents attached to his original complaint (doc. 1) demonstrate, on their face, that plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit.[1] The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, provides in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, whether they allege excessive force or some other wrong, and whether they seek injunctive relief, monetary damages, or both. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Exhaustion of available administrative remedies is a mandatory pre-condition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001) ("The 'available' 'remed[y]'

---

[1] When considering a Rule 12(b)(6) dismissal, the court considers plaintiff's pleadings and exhibits attached thereto, including documents filed with his original complaint. *See Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009) (considering attachments to original complaint in dismissing amended complaint) (*citing Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)); *see also* Fed. R. Civ. P. 10(c).

*Page 5 of 7*

must be 'exhausted' <u>before</u> a complaint under § 1983 may be entertained.") (emphasis added); *see also Porter*, 534 U.S. at 524-25 ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). "[T]he PLRA exhaustion requirement requires <u>proper</u> exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. The FDC's grievance procedure requires an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance at the institutional level with the warden's office, and (3) submit an appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the FDC's Central Office). *See* Fla. Admin. Code rr. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.,* 627 F.3d 1215, 1218 (11th Cir. 2010).

Plaintiff's amended complaint affirmatively pleads exhaustion, detailing the steps plaintiff took to exhaust his administrative remedies and discussing each grievance he filed. (Doc. 10, p. 4 in ECF). Plaintiff provides copies of those

*Case No. 3:18cv496-LC-CJK*

grievances with his original complaint. (Doc. 1, pp. 4-14 in ECF). Plaintiff's allegations admit, and the documents filed with his original complaint demonstrate, that all of plaintiff's grievance appeals to the Office of the Secretary were returned without action on procedural grounds. (Doc. 10, p. 4 in ECF ¶¶ 2, 4; Doc. 1, pp. 10, 12, 14 in ECF). Although plaintiff makes a general assertion that he feared harassment by defendant Rudolph at Okaloosa CI, the fact that he continued to file informal grievances and grievance appeals, and that he was soon transferred to Holmes CI, belie the suggestion that the grievance process was unavailable. Plaintiff's transfer to a different institution did not render the grievance process unavailable, because the FDC's grievance procedure allows an inmate to file a grievance at his present institution even when the grievance concerns a complaint occurring at another location. *See* Fla. Admin. Code r. 33-103.015(4).

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 18th day of September, 2018.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.